# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUSTICE ALLIDEN BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV 21-151-RAW-KEW |
| ) | |
| DONALD YOW, Sheriff, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This matter is before the Court on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is a pro se pretrial detainee who is incarcerated in the Marshall County Jail in Madill, Oklahoma. He is challenging his pending criminal prosecution for Possession of a Stolen Vehicle in Marshall County District Court Case No. CF-2021-020. He raises the following grounds for relief:

I. I am a citizen of the Choctaw Nation of Oklahoma.

II. State courts have no jurisdiction over tribal citizens accused of crimes on tribal lands.

III. I've filed all necessary motions in the state court to have the state charges dismissed for lack of jurisdiction.

Petitioner alleges that in March 2021, he filed in the state district court a motion to dismiss for lack of jurisdiction. In addition, his attorney of record filed a motion to dismiss in April 2021, based on *McGirt v. Oklahoma*, __ U.S. __, 140 S. Ct. 2452 (2020). Petitioner claims he still is confined because of a stay in the *Bosse* case. *See Bosse v. State*, No. PCD-

2019-124 (Okla. Crim. App. May 26, 2021); *Bosse v. Royal*, No. CIV 18-204-JD (W.D. Okla. April 2, 2019). According to the Oklahoma State Courts Network at www.oscn.net, on June 16, 2021, the state district court continued Petitioner's *McGirt-Bosse* hearing to August 18, 2021.[1]

Federal courts are required to avoid interference with pending state criminal prosecutions, "except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971). The *Younger* doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citing *Younger*, 401 U.S. at 44-45). Under the doctrine established in *Younger*, abstention is appropriate whenever there exists (1) ongoing state proceedings, (2) which implicate important state interests, (3) wherein the state courts afford an adequate forum to present the applicant's federal constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997), *cert. denied*, 523 U.S. 1005 (1998).

In Oklahoma, a remedy for unlawful detention is available through the writ of habeas corpus in the state courts. *See* Okla. Stat. tit. 12, § 1344 ("The writ [of habeas corpus] may be had for the purpose of letting a prisoner to bail in civil and criminal actions."). *See also*

---

[1] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

Okla. Stat. tit. 12, § 1331 ("Every person restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered therefrom when illegal."). Petitioner has not sought state habeas corpus relief or established that state court remedies are unavailable for Case No. CF-2021-020. Therefore, this federal habeas corpus action must be DISMISSED WITHOUT PREJUDICE.

The Court also finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he also has not "demonstrate[d] that reasonable jurists would find [this] court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, Petitioner should be DENIED a certificate of appealability.

**ACCORDINGLY**, this action is DISMISSED WITHOUT PREJUDICE, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 8th day of July 2021.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA